IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 2:19-cv-6-KS-MTP |
| vs. | )<br>) |
| ETHEL WILLIS, ANITA BROWN, NORTH CAROLINA MUTUAL FINANCIAL, LLC, AND KNIGHT & LINDSEY FUNERAL HOME, LLC | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT IN INTERPLEADER**

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

**PARTIES**

1.  Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Mississippi.

2.  Upon information and belief, defendant Ethel Willis ("Ethel"), is the wife of Cleother Willis, Jr., (the "Decedent"), and she resides at 104 Woodville Trace, Hattiesburg, Mississippi.

3.  Upon information and belief, defendant Anita Brown ("Anita") is the friend of the Decedent, and she resides at 511 Starling View Circle, Grayson, Georgia.

4. Upon information and belief, defendant North Carolina Mutual Financial, LLC ("NC Mutual") is a foreign company which provides funeral funding services to funeral homes in the United States. NC Mutual may be served with process on its registered agent, Charles T. Francis, at 434 Fayetteville Street, Suite 2300, Raleigh, NC 27601-2942.

5. Upon information and belief, defendant Knight & Lindsey, LLC ("Knight & Lindsey") is a limited liability company duly licensed to do business in the State of Mississippi and is located at 203 East 4th Street, Yazoo City, Mississippi, 39194. Knight & Lindsey may be served with process on its registered agent, Curtis Strong, at the aforesaid address.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

8. The Decedent, a retiree from the General Motors Corporation, was a participant in the General Motors Corporation Basic Life Insurance Plan No. 0015500 and Optional Life Insurance Plan No. 0122456 (collectively referred to herein as the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by General Motors Corporation and funded by a group life insurance policy issued by MetLife.

9. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

10. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1002(8).

11. The most recent beneficiary designation form on file for the Decedent is dated February 1, 2013, and names Anita Brown as a primary beneficiary with a 100% share of the life insurance benefits. A true and correct copy of the February 1, 2013, beneficiary designation form is attached hereto as Exhibit **A**.

12. The next prior beneficiary designation form on file for the Decedent is dated August 18, 1988, and names Ethel Willis as a primary beneficiary with a 100% share of the Optional life insurance benefits. A true and correct copy of the August 18, 1988, beneficiary designation form is attached hereto as Exhibit **B**.

13. The next prior beneficiary designation form on file for the Decedent is dated August 18, 1969, and names Ethel Willis as a primary beneficiary with a 100% share of the Basic life insurance benefits. A true and correct copy of the August 18, 1969, beneficiary designation form is attached hereto as Exhibit **C**.

14. The Decedent died on January 15, 2018. A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit **D**.

15. At the time of his death, the Decedent was enrolled under the Plan for Basic life insurance coverage in the amount of Twenty Two Thousand Five Hundred and Sixty Three Dollars ($22,563.00) and also enrolled under the Plan for Optional life insurance coverage in the amount of Twenty Thousand dollars ($20,000.00) (collectively referred to herein as the "Plan

Benefits"). The Plan Benefits became payable to the proper beneficiary upon the Decedent's death, pursuant to the terms of the Plan.

16. On or about February 5, 2018, MetLife received a claim form signed by Anita Brown and dated January 30, 2018. A true and correct copy of the January 30, 2018, claim form is attached hereto as Exhibit **E**.

17. On or about February 7, 2018, MetLife received a letter from Ethel Willis enclosing a signed and dated beneficiary designation form showing Ethel Willis as the primary beneficiary of the Optional life insurance benefits. In the letter Ethel Willis asserted that the Decedent had become seriously ill following said designation and that she had concerns about the date his designation of beneficiary was changed. A true and correct copy of the February 7, 2018 letter is attached hereto as Exhibit **F**. Subsequent thereto, MetLife was provided with documentation, including a medical record for the Decedent dated August 7, 2012, in support of Ethel Willis' claim that the Decedent may not have been competent at the time he executed the February 1, 2013, beneficiary designation form attached hereto as Exhibit **A**, in which event she would be the primary beneficiary of both the Basic and Optional life insurance benefits.

18. MetLife has also received from NC Mutual a reassignment of a funeral home assignment made by Anita Brown to Gregory B. Levett & Sons Funeral Home for the amount of $6,068.09. A copy of the assignment, reassignment, and itemization of expenses are attached hereto collectively as Exhibit **G**.

19. MetLife has also received from Knight & Lindsey an assignment of proceeds of insurance for funeral services and merchandise for the Decedent in the amount of $2,650.00. A copy of the assignment received from Knight & Lindsey is attached hereto as Exhibit **H**.

20. MetLife cannot determine whether a court would find that the February 1, 2013, beneficiary designation form is valid.

21. If a court were to determine that the February 1, 2013, beneficiary designation form is valid, then the Plan Benefits would be payable to Anita Brown, with the exception of those Plan benefits to which NC Mutual and Knight & Lindsey hold assignments from her.

22. However, if a court were to determine that the February 1, 2013, beneficiary designation form is invalid, then the Plan Benefits would be payable to Ethel Willis based on the August 18, 1969, and August 18, 1988, designations.

23. By a letter dated August 16, 2018, MetLife advised Defendants Ethel Willis and Anita Brown that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave Defendants Ethel Willis and Anita Brown an opportunity to try to resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. Upon information and belief, no agreement was reached. A true and correct copy of the August 16, 2018, letter is attached hereto as Exhibit **I.**

24. MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and the General Motors Corporation to multiple liabilities.

25. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

26. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant the Court shall designate.

27.     MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, the General Motors Corporation or the Plan for the recovery of Plan Benefits, plus any applicable interest payable as a consequence of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus applicable interest, if any, should be paid;

(iii) Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus applicable interest, if any;

(iv) Dismissing MetLife with prejudice from this action, and discharging MetLife, General Motor Corporation and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(v) Awarding MetLife its costs and attorney's fees; and

(vi) Awarding MetLife such other and further relief as this Court deems just equitable and proper.

THIS, the 7th day of January, 2019.

                                              Respectfully submitted,

                                              **METROPOLITAN LIFE**
                                              **INSURANCE COMPANY**

                                 By:   */s/ Kenna L. Mansfield, Jr.*
                                              Kenna L. Mansfield, Jr. (MSB #1855)
                                              *Its Attorney*

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, MS 39205-0131
300 Concourse Boulevard, Suite 200
Ridgeland, MS 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
kmansfield@wellsmar.com

7